McCLENDON, J.,
dissents and assigns reasons.
[, Louisiana Code of Civil Procedure article 966 D provides that “[t]he court shall hear and render judgment on the motion for summary judgment.” (Emphasis added.) The trial court, rather than setting the matter for hearing, entered its own order that provided,[1] after certain briefing delays: “[T]his matter shall be under advisement. There shall be NO oral argument EXCEPT upon an Order of this Court or upon request by motion of any party(s). Reason(s) for requesting Oral argument shall be specifically set forth in said Motion.” I find that Louisiana Code of Civil Procedure article 966 D requires that the trial court, at a minimum, docket the matter for hearing. Because the mandatory procedure set forth in LSA-C.C.P. art. 966 D was not followed and the matter was never docketed, I would vacate the trial court’s judgment granting the defendants’ motion for summary judgment.

. Initially, the movers attached the following Order to their motion for summary judgment:
IT IS HEREBY ORDERED that James Walker and Raynette Walker, show cause on the_ day of__ 200_, at_ o’clock_m. why the Motion For Summary Judgment on behalf of Price LeBlanc, Shirley LeBlanc and Farmers Insurance Exchange should not be granted as prayed for.
The court struck the movers’ order with a notation to "SEE ATTACHED ORDER.”